IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>INTERNATIONAL TELEMATICS CORPORATION,<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>**DEMAND FOR JURY TRIAL BY JURY OF TWELVE** |

## COMPLAINT

Plaintiff StarTrak Information Technologies, LLC, for its Complaint against International Telematics Corporation, alleges as follows:

### PARTIES

1. StarTrak Information Technologies, LLC ("STIT") is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 395 W. Passaic Street, Suite 325, Rochelle Park, New Jersey 07662.

2. Defendant International Telematics Corporation ("ITC") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 311 West 43rd Street, Suite 304, New York, New York 10036. ITC's registered agent for service of process in the State of Delaware is Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901. ITC does business throughout the country and in the State of Delaware and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This is a complaint for infringement of United States patents under 35 U.S.C. §§ 271 and 281.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

6. This Court has personal jurisdiction over ITC because ITC is a corporation organized under the laws of the State of Delaware, ITC, on information and belief, has committed acts within Delaware that give rise to this action, and ITC has established minimum contacts with the forum such that the exercise of jurisdiction over ITC would not offend traditional notions of fair play and justice.

## PATENTS IN SUIT

7. On March 5, 2013, the United States Patent and Trademark Office issued U.S Patent No. 8,390,464 ("the '464 Patent") entitled *"Integrating Refrigerated Transport Operations and Logistics by Creating Operational States via Wireless Communications"* to Timothy Slifkin, Thomas Robinson and Venkateswaran Karuppanan. A copy of the '464 Patent is attached as Exhibit A. The entire right, title and interest to the '464 Patent has been assigned to STIT. STIT is the owner and possessor of all rights pertaining to the '464 Patent.

8. On September 18, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,292,724 ("the '724 Patent") entitled *"Method of and System and Apparatus for Remotely Monitoring the Location, Status, Utilization and Condition of Widely Geographically Dispresed* [sic] *Fleets of Vehicular Construction Equipment and the Like and Providing and*

*Displaying such Information*" to Sheldon Apsell, Carlos A. Barberis, Thomas Alborough, George Shinopoulos and Steven Rothman. A copy of the '724 Patent is attached as Exhibit B. The entire right, title and interest to the '724 Patent has been assigned to STIT. STIT is the owner and possessor of all rights pertaining to the '724 Patent.

## THE PRODUCTS AND SERVICES

9. STIT provides high-performance vertically integrated wireless information technology applications and solutions for the global transportation and maritime markets.

10. Through its branded service, ReeferTrak®, STIT serves in a global leadership role for providing wireless information technology solutions for the refrigerated transportation market. ReeferTrak® is an information technology service for operators of refrigerated transportation equipment that utilizes wireless logistical, monitoring and control applications to improve operational efficiency and the delivery of temperature controlled goods. Among other services, ReeferTrak® and its accompanying suite of data management services provide GPS tracking and monitoring, full two-way control and remote access functionality, and real-time monitoring of vehicle location, reefer temperatures, alarms, battery condition, fuel level, doors, and other features.

11. Each of the Patents in Suit is directed to a novel wireless and/or remote-based diagnostic monitoring system and methods used to monitor and report data from transport refrigeration units.

12. Each of the Patents in Suit is an invention embodied in STIT's ReeferTrak® service and/or accompanying suite of data management services.

3

13. Upon information and belief, Defendant ITC manufactures, sells, and/or offers for sale at least the iBright system, a fleet management system that utilizes wireless applications to control and monitor refrigerated transportation equipment.

14. Defendant ITC is a competitor of STIT, and the two companies vie for the same customers. As such, ITC has much to gain, and STIT has much to lose, if STIT's patents are infringed by ITC.

## COUNT I
### (Infringement of the '464 Patent)

15. STIT incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

17. Upon information and belief, Defendant ITC has directly infringed the '464 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, monitoring and tracking systems for transport refrigeration units, including at least the iBright system, which is covered by at least claims 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 14, 15, and 16 of the '464 Patent.

18. As a result of ITC's infringement of the '464 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law. Unless enjoined by this Court, ITC's infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

19. ITC's infringement of the '464 Patent has deprived, and will deprive, STIT of business, royalties and/or profits that it otherwise would have received.

## COUNT II
### (Infringement of the '724 Patent)

20. STIT incorporates Paragraphs 1 through 19 as if fully set forth herein.

21. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

22. Upon information and belief, Defendant ITC has directly infringed the '724 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, monitoring and tracking systems for transport refrigeration units, including at least the iBright system, which is covered by at least claims 2, 10, and 15 of the '724 Patent.

23. Since at least April 3, 2012, ITC has had actual knowledge of STIT's '724 Patent.

24. On that date, ITC's counsel sent a letter to STIT regarding the '724 Patent. That letter is attached as Exhibit C. ITC authored the letter upon learning that STIT sent an e-mail to Union Pacific Railroad explaining that any products or services offered in response to the Railroad's RFP for a Refrigerated Car Monitoring System would be covered by the '724 Patent. STIT responded to ITC and further put ITC on notice of its potential infringement in an April 10, 2012 letter, which is attached as Exhibit D.

25. ITC's infringement of the '724 Patent has been and continues to be willful and deliberate.

26. As a result of ITC's infringement of the '724 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law. Unless enjoined by this Court, ITC's infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

27. ITC's infringement of the '724 Patent has deprived, and will deprive, STIT of business, profits and/or royalties that it otherwise would have received.

## **PRAYER FOR RELIEF**

WHEREFORE, STIT demands judgment in its favor and against ITC, and that this Court:

A. Preliminarily and permanently enjoin ITC, its officers, directors, agents, and employees, and any person or entity in active concert or participation with any of them from infringing the '464 and '724 Patents;

B. Order ITC to pay the damages recoverable by STIT under 35 U.S.C. § 284 as a result of the wrongful making, using, and/or selling of STIT's invention as claimed in STIT's '464 and '724 Patents, the exact extent of which cannot now be determined by STIT;

C. Award STIT money damages under 35 U.S.C. § 284 sufficient to compensate STIT for the financial damage caused by ITC's infringement;

D. Award STIT treble damages, pursuant to 35 U.S.C. § 284, by reason of ITC's willful infringement of the '724 Patent;

E. Award STIT reasonable attorney's fees under 35 U.S.C. § 285;

F. Award STIT its costs in bringing the above captioned action; and

G. Award STIT such other and further relief that may be authorized by statute or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

STIT demands a trial by jury of twelve as to all issues so triable in this action.

Dated: July 3, 2013

/s/ Joseph C. Schoell
Joseph C. Schoell (I.D. No. 3133)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
joseph.schoell@dbr.com

*Of Counsel:*
Robert A. Koons, Jr.
Michael J. Burg, Jr.
Alexander M. Brodsky
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 977-2757
robert.koons@dbr.com
michael.burg@dbr.com
alexander.brodsky@dbr.com

*Attorneys for Defendant StarTrak Information Technologies, LLC*