IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 1:13-cv-1183-LPS |
| INTERNATIONAL TELEMATICS CORPORATION, | : : : : | |
| Defendant. | : | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT INTERNATIONAL TELEMATICS CORPORATION**

Defendant, International Telematics Corporation ("Defendant"), hereby amends it answer to the Complaint of plaintiff, Startrak Information Technologies, LLC ("Plaintiff"), as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis, denies them.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits only that the Complaint purports to state claims for patent infringement against Defendant. Defendant vehemently denies that it has committed any acts of infringement under 35 U.S.C. § 271(a).

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant will not contest the issue of venue in this judicial district.

6. Defendant admits that the Court may exercise personal jurisdiction over it, but Defendant vehemently denies the allegations of Paragraph 6 to the extent that they assert any acts of patent infringement by Defendant.

7.  Defendant admits only that Plaintiff is the record owner of U.S. Patent No. 8,390,464 (the "'464 Patent"). Upon information and belief, Defendant denies that the '464 Patent was duly and legally issued, and denies that the '464 Patent is in full force and effect. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis, denies them.

8.  Defendant admits only that Plaintiff is the record owner of U.S. Patent No. 6,292,724 (the "'724 Patent"). Upon information and belief, Defendant denies that the '724 Patent was duly and legally issued, and denies that the '724 Patent is in full force and effect. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis, denies them.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis, denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis, denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis, denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis, denies them.

13. Defendant admits that it produces and sells the ibright® in-vehicle telematic computer and enterprise interface related to fleet management.

14. Defendant admits that Plaintiff operates a competitive business. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and on that basis, denies them.

15. Defendant repeats and re-alleges its responses to paragraphs 1 through 14 of the Complaint as though set forth herein.

16. Defendant denies any allegation that it has committed acts of patent infringement under 35 U.S.C. § 271(a).

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant repeats and re-alleges its responses to paragraphs 1 through 19 of the Complaint as though forth herein.

21. Defendant denies any allegation that it has committed acts of patent infringement under 35 U.S.C. § 271(a).

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant admits that it has had knowledge of the '724 Patent since April 3, 2012. Defendant further states that on April 3, 2012, acting through Counsel, Defendant communicated to Plaintiff in writing that it had not committed acts of patent infringement under 35 U.S.C. § 271(a). As a result, Plaintiff has had actual knowledge since April 3, 2012 that Defendant does not infringe the '724 Patent, and Plaintiff asserts that any claim based on '724 Patent by Plaintiff in this action has been brought in bad faith.

24. Plaintiff admits that letters dated April 3, 2012 and April 10, 2012, attached to the Complaint as Exhibits C and D, respectively, are true and correct copies, and refers to said letters

for a full and complete description of their contents. Defendant denies any allegation that it has committed acts of infringement of the '724 Patent under 35 U.S.C. § 271(a) at any time.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

28. Upon information and belief, as a result of actions taken and statements made by and on behalf of the inventors and Plaintiff before the United States Patent and Trademark Office in prosecution of the '464 and '724 Patents-in-suit, Plaintiff is estopped from asserting claims for patent infringement against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

29. Upon information and belief, each of the '464 and '724 Patents is invalid under one or more of the provisions of 35 U.S.C. § 102 for anticipation and lack of novelty, or under 35 U.S.C. § 103, in that the alleged inventions would have been obvious to a person of ordinary skill in the art.

**THIRD AFFIRMATIVE DEFENSE**

30. Upon information and belief, each of the '464 and '724 Patents-in-suit is invalid under one or more of the provisions of 35 U.S.C. § 112.

**FOURTH AFFIRMATIVE DEFENSE**

31. Upon information and belief, the existence of prior art precludes the claims of the '464 and '724 Patents-in-suit from being accorded a scope which would cover any product made, used, sold or offered for sale by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

32. Upon information and belief, each of the '464 and '724 Patents-in-suit is invalid under 35 U.S.C. § 102(g) because the claimed inventions thereof were made by another in the United States who had not abandoned, suppressed or concealed such inventions before the alleged inventions by the applicants of the '464 and '724 Patents.

## SIXTH AFFIRMATIVE DEFENSE

33. Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of patent misuse.

## SEVENTH AFFIRMATIVE DEFENSE

34. Defendant has not infringed any valid claims of the '464 or '724 Patents-in-suit, either literally or under the doctrine of equivalents, has not induced infringement of any valid claims of the Patents-in-suit, and has not committed acts constituting contributory infringement of any valid claims of the Patents-in-suit.

WHEREFORE, Defendant prays:

- A. That the Court dismiss Plaintiff's Complaint;
- B. That the Court declare that this is an exceptional case under 35 U.S.C. § 285 and award to Defendant, as the prevailing party, its attorneys' fees and expenses incurred to defend this action;
- C. That the Court award to Defendant, as the prevailing party, its costs in the action to the maximum extent permitted by law; and
- D. That the Court grant Defendant such other and further relief as the Court deems just and proper.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*_____
Dominick T. Gattuso (#3630)
Email: dgattuso@proctorheyman.com
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorneys for Defendant International Telematics Corporation*

OF COUNSEL:

FERDINAND IP, LLC
Edmund J. Ferdinand, III Esquire
Email: jferdinand@24iplg.com
24 IP Law Group
129 Post Road East
Westport, Connecticut 06880

Dated: September 9, 2013